UNITED STATES, Appellee

v.

WILLIAM ALLEN, JR., Private E-1, U. S. Army, Appellant

2 USCMA 276, 8 CMR 76

■

No. 1260

Decided March 5, 1953

■

LT. COL. Herman P. Goebel, Jr., U. S. Army, and 1ST LT. Patrick H. Thiessen, U. S. Army, for Appellant.

LT. COL. Thayer Chapman, U. S. Army, and 1ST LT. Martin Blackman, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by general court-martial of larceny and was sentenced to dishonorable discharge, total forfeiture of pay and confinement for five years. The convening authority and the board of review have upheld the findings, reducing the confinement to two and one half years. We granted the accused's petition for review, limited to the issue of whether a conference between the law officer and the court outside the presence of the accused and his counsel constituted reversible error.

The conference in issue is recorded in the record as follows:

"At 1645 hours, 6 February 1952, the law officer and reporter were called to appear before the members of the court. The record of such proceedings is as follows:

PRES: The maximum sentence.
LO: The maximum?
PRES: Yes.
PRES: Page 541. Number nine?
LO: Number nine.—to be dishonorably discharged from the service and forfeit all pay and allowances and to be confined at hard labor for five years. Now there again, you only announce two-thirds.

PRES: Yes.
LO: Page 521.
PRES: Yes, sir.

(Time: 1646 hours, 6 Feb 1952)

The court opened at 1647 hours, 6 February 1952."

It is apparent that, while the language used is somewhat ambiguous, the president was informing the law officer that the court had voted to impose the maximum sentence and desired assistance as to the form in which the sentence should be announced. Receiving advice as to form during closed session deliberation on the sentence, while error, is not cause for reversal. United States v. Miskinis and Pontillo (Nos. 1535, 1536, 1579), 8 CMR 73, decided this date. The decision of the board of review is affirmed.

Judge BROSMAN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result for the reasons stated in my dissent in United States v. Woods and Duffer (No. 1023), 8 CMR 3, decided February 19, 1953. The error here was in violating a clear mandate of Congress but there was no prejudice.